UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

WILLIAM JOHN MERRIMAN,

        Petitioner,

v.

TIMOTHY PARKER,

        Respondent.

_____/

Case No. 1:19-cv-740

Honorable Paul L. Maloney

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a former state and county prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I. **Factual Allegations**

Petitioner William Jon Merriman was incarcerated with the Michigan Department of Corrections when he filed his petition. At that time, he was serving a sentence of 1 year, 6 months to 5 years imposed by the Jackson County Circuit Court on August 18, 2016, for operating a vehicle while impaired-third offense. He entered a plea of guilty to that offense. He was discharged on February 8, 2019.

The petition does not directly challenge the constitutionality of Petitioner's Jackson County crime. Instead, he challenges his conviction by the Hillsdale County District Court of operating while impaired-second offense. (Pet., ECF No. 1, PageID.1.) Petitioner entered a guilty plea to that offense during June of 2012. (*Id.*) On July 25, 2012, the court sentenced Petitioner to a jail term of 45 days, plus probation. (*Id.*)

On July 12, 2018, Petitioner filed his habeas corpus petition. (*Id.*, PageID.14.) Petitioner contends that the prosecutor withheld the lab test results, (Exh. A, ECF No. 1, Page ID.18), that demonstrated that Petitioner was not impaired. (*Id.*, PageID.5.) Petitioner contends that the lab tests show no crime was committed and that, because there was no crime, the court never had subject matter jurisdiction. (*Id.*) The results indicate .05 grams alcohol per 100 milliliters of blood. (Exh. A, ECF No. 1, PageID.18.) The results do not indicate when the blood was drawn, nor do they indicate the delay between Petitioner's arrest and the blood draw. (*Id.*)

Petitioner indicates that he raised these issues in the sentencing court during 2017; the court denied relief during September of 2017. (Pet., ECF No. 1, PageID.4.) Petitioner filed another motion, or perhaps two, in the sentencing court during October of 2017. (*Id.*) The court

denied relief during October of 2017. (*Id.*) Petitioner then filed a motion for writ of superintending control in the Hillsdale County Circuit Court during December of 2017. (*Id.*) That court denied relief during February of 2018. (*Id.*, PageID.5.)

Petitioner did not appeal his conviction and sentence. (*Id.*, PageID.2) Petitioner also failed to appeal the orders of the Hillsdale County District and Circuit Courts on his motions for post-conviction relief. (*Id.*, PageID.5.)

## II.     Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The time for Petitioner to appeal his conviction expired on January 25, 2013, six months after it was entered. Mich. Ct. R. 7.205(G). Petitioner had one year, until January 25, 2014, to file his habeas application. Petitioner filed his application on July 12, 2018. Obviously he filed more than one year after the period of limitations began to run. Thus, unless the running of the statute starts at a later time or unless the running of the statute is tolled, his application is time-barred.

Petitioner suggests that he did not challenge the conviction sooner because he did not receive the blood test results until, on June 26, 2017, he requested them by way of a Freedom of Information Act request. (Exh. A, ECF No. 1, PageID.18.) Petitioner's claim implicates the period of limitations "start" date set forth in 28 U.S.C. § 2244(d)(1)(D).

Petitioner indicates that he actually discovered the factual predicate for his claim during the summer of 2017. But, actual discovery does not trigger the statute, the date when "the factual predicate of the claim . . . could have been discovered through the exercise of due diligence" is the trigger. Petitioner bears the burden of showing that he exercised due diligence in searching for the factual predicate underlying his claims. *Townsend v. Lafler*, 99 F. App'x 606, 608 (6th Cir. 2004). The question to be resolved is "'when a duly diligent person in petitioner's circumstances would have discovered' the factual predicate for his claim." *Smith v. Meko*, 709 F. App'x 341, 344 (6th Cir. 2017).

Petitioner's blood was drawn pursuant to a search warrant. (Aff., ECF No. 1, PageID.19.) He does not claim he was unaware of the test, only the results. He acknowledges the

4

results were complete when he entered his plea. (*Id.*, PageID.19-20.) Petitioner offers no explanation for the five-year delay in seeking the test results.

Petitioner has failed to carry his burden. A duly diligent person would have requested the test results years earlier. Indeed, the date a duly diligent person would have requested the test results is probably before Petitioner's judgment became final. Therefore, the limitations period trigger provided by 28 U.S.C. § 2244(d)(1)(D) does not offer Petitioner any relief.

No matter what date the period is triggered, the running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed"). Petitioner identifies several motions that might fall into the category of "post-conviction or other collateral review." The first such motion he references, however, was not filed until 2017.

Although 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). Even where the post-conviction motion raises a claim of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does not revive the statute of limitations. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *McClendon*, 329 F.3d at 490). Because Petitioner's one-year period expired in 2014, his collateral motions filed in 2017 did not serve to revive the limitations period.

5

The one-year limitations period applicable to § 2254 is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence v. Florida*, 549 U.S. 327, 335 (2007); *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Moreover, the lack of diligence in seeking the test results that bars Petitioner from the benefit of the § 2244(d)(1)(D) trigger also bars Petitioner from the benefit of equitable tolling. Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

In *McQuiggin v. Perkins*, 569 U.S. 383, 391-393 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 329 (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 399-400.

In the instant case, although Petitioner may baldly claim that he is actually innocent, he proffers no new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable jury would have convicted him. *Schlup*, 513 U.S. at 329. Even the blood test results do not establish innocence as Petitioner suggests because of the unknown lapse of time between Petitioner's arrest and the blood draw. Because Petitioner has wholly failed to provide evidence of his actual innocence, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). His habeas petition therefore is time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The

opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

### III.     Motion for summary judgment

Petitioner also moves for summary judgment.  (Mot. for Summary J., ECF No. 5.) He contends there are no genuine issues of material fact and that he is entitled to judgment as a matter of law.  For the reasons set forth above, Petitioner is not entitled to summary judgment.

### IV.     Certificate of appealability

Even though I have concluded that Petitioner's habeas petition should be denied, under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.*

I have concluded that Petitioner's application is untimely and, thus, barred by the statute of limitations.  Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Both showings must be made to warrant the grant of a certificate. *Id*.

I find that reasonable jurists could not find it debatable whether Petitioner's application was timely. Therefore, I recommend that a certificate of appealability should be denied.

Moreover, although I conclude that Petitioner has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, I do not conclude that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

### **Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations and that Petitioner's motion for summary judgment (ECF No. 5) be denied. I further recommend that a certificate of appealability be denied. Finally, I recommend that the Court not certify that an appeal would not be filed in good faith.


Dated:  November 7, 2019                    /s/ Ray Kent
                                            United States Magistrate Judge


### **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).